IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DELIA MARIA GARCIA PENA,

*Petitioner*,

v.

WARDEN OF CAMBRIA COUNTY, *et al*,

*Respondents*.

Civil Action No. 3:26-cv-409

Hon. William S. Stickman IV

## ORDER OF COURT

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus.  (ECF No. 1).  Petitioner, a citizen of  Ecuador, is currently detained at the Cambria County prison.  In 2022, she illegally made entry into the United States.  After being detained, she was released on her own recognizance.  On December 19, 2025, she was arrested by U.S. Immigration and Customs Enforcement officers.  Her removal proceedings remain ongoing.  (*Id*.).  To the best of the Court's knowledge, she has not sought a bond hearing with an immigration judge.  The Court finds the fact that Petitioner has not fully exhausted all of her administrative remedies prior to filing her habeas petition to be of no moment as it is an exercise in futility given the recent decisions of the Board of Immigration Appeals (i.e., *Matter of Q. Li*, 29 I. & N. Dec. 66 (BIA 2025) and *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025)).

Petitioner asserts that she is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a) and not mandatory detention under § 1225(b)(2) and, therefore, that she is entitled to a bond hearing.  The Court agrees.  Section 1226 applies to aliens who are "already present in the United States[,]" *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), while the mandatory detention provision of § 1225 governs detention of "applicants for admission" to the United

1

States. *Bethancourt Soto v. Soto*, No. 25-CV-16200, 2025 WL 2976572, at *2 (D.N.J. Oct. 22, 2025). The Court joins the overwhelming majority of district courts in holding that § 1226(a), rather than the mandatory detention provision of § 1225(b), applies to aliens similarly situated to Petitioner, who are not seeking admission at a port of entry but rather are already present in the country. The Court disagrees with the decision of the United States Court of Appeals for the Fifth Circuit in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). Petitioner's detention is governed by § 1226(a), and the Court holds that she has a statutory right to an individualized bond hearing.

AND NOW, this 19th day of March 2026, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED IN PART and DENIED IN PART. It is GRANTED in that within ten (10) days of this Order, Petitioner must receive an individualized bond hearing before a neutral immigration judge pursuant to 8 U.S.C. § 1226. Within seven (7) days thereafter, the parties shall provide notice to the Court of the outcome of the bond hearing.

IT IS FURTHER ORDERED that the petition is DENIED to the extent it requests any additional relief. The Court will not attorneys' fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Under the EAJA, a court may award fees and expenses to a prevailing party against the United States, unless "the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The key issue here is whether Petitioner is an "applicant for admission" under 8 U.S.C. § 1225(a). Respondents argued that "applicant for admission" includes noncitizens like Petitioner who have already been residing in the interior of the United States. The Court concludes that Respondents' interpretation of § 1225(a), while incorrect, is

2

substantially justified.  The Court is mindful that the United States Court of Appeals for the Third Circuit has not yet interpreted the meaning of "applicant for admission" under § 1225(a), and that the only United States Court of Appeals to consider this issue has ruled that "applicant for admission" includes noncitizens like Petitioner who have resided in the interior of the country for years.  *See Buenrostro-Mendez*, 166 F.4th 494.  The Court holds that Petitioner is not entitled to attorneys' fees under the EAJA.  *See Alvarez v. Noem*, No. 3:26-CV-73, 2026 WL 545382, at *3 (W.D. Pa. Feb. 26, 2026) (granting habeas petition to extent the petitioner requested a bond hearing, but denying the petition to the extent the petitioner requested attorneys' fees and costs under the EAJA);  *see also Orellana Rivas v. Oddo, et al*, No. 3:26-cv-00246, ECF No. 14 (W.D. Pa. March 10, 2026) (same).

BY THE COURT:

*/s/William S. Stickman IV*
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

3